Georgia A. Staton, Bar #004863
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:  (602) 263-1752
Fax:  (602) 200-7854
gstaton@jshfirm.com

Attorneys for Defendants Mohave County;
Mohave County Board of Supervisors; Ron
Walker; Matt Smith; William (Bill) Ekstrom;
Buster Johnson; Tom Stockwell; Gary
Watson

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jim Kanelos, as a single man, | NO. CV 10-8099-PHX-GMS |
| Plaintiff, | **DEFENDANTS' ANSWER** |
| v. | |
| County of Mohave, a government entity; Mohave County Board of Supervisors, an elected governing body; Mohave County Attorney, a mandated administrative division of Mohave County Government; Mr. Ron Walker, as Mohave County Manager (an appointed position); Mr. Ron Walker, as an individual; Mr. Matt Smith, as Mohave County Attorney (an elected position); Mr. Matt Smith, as individual; Mr. Bill Ekstrom, as Deputy Mohave County Attorney (a staff position); Mr. Bill Ekstrom, as individual; Mr. Buster Johnson, as Mohave County Supervisor (an elected position); Mr. Buster Johnson, as individual; Mr. Tom Stockwell, as Mohave County Supervisor (an elected position); Mr. Tom Stockwell, as individual; Mr. Gary Watson, as Mohave County Supervisor (an elected position); Mr. Gary Watson, as individual; John Does A-Z and Jane Does A-Z, | |
| Defendants. | |

Defendants, by and through counsel undersigned, for their Answer to Plaintiff's Complaint, admit, deny and allege as follows:

2228443.1
6/17/10

1.      Defendants deny each and every allegation not otherwise admitted or pled to.

2.      In answering Section I to Plaintiff's Complaint entitled "Preamble to the Claim" (pages 2-5), said section is a rambling recitation of Plaintiff's view of a representative democracy coupled with quotations from various sources none of which creates a cause of action against these answering Defendants.  To the extent that Section I attempts to assert a claim against these answering Defendants, Defendants deny same.

3.      In answering Section II of Plaintiff's Complaint (pages 6-8), Defendants assert that Plaintiff has set forth, again, a rambling recitation of what he believes constitutes principles of law.  No answer is required and none is given.  To the extent that said section attempts to assert a claim against these answering Defendants, Defendants deny same.

4.      In answering Paragraphs 1 and 2, Section II of Plaintiff's Complaint (pages 8-9), Defendants are without sufficient information or knowledge to form a belief as to the truth of the matters asserted therein and, therefore, deny same.

5.      In answering Paragraph 3 of Section II of Plaintiff's Complaint, Defendants admit only that on or about November 13, 2009 Senator McCain held meetings with Republican Precinct Committee Members and elected officials.  Defendants deny that any meetings of a political nature took place at the Mohave County Administrative Building.

6.      In answering Paragraph 4 of Section II of Plaintiff's Complaint (page 9), Defendants admit same.

7.      In answering Paragraph 5 of Section II of Plaintiff's Complaint (page 9), Defendants are without sufficient information or knowledge to form a belief as to the truth of the matters asserted therein and, therefore, deny same.

8.      In answering Paragraph 6 of Section II of Plaintiff' s Complaint (page 9), Defendants admit only that anyone found to be distributing flyers at the Mohave County Administrative Building were asked to stop doing so.

9.      In answering Paragraph 6(a) of Section II of Plaintiff's Complaint (page 10), Defendants deny same.

10.      In answering Paragraph 6(b) of Section II of Plaintiff's Complaint (page 10), Defendants deny same.

11.      In answering Paragraph 6(c) of Section II of Plaintiff's Complaint (page 10), Defendants are without sufficient information or knowledge to form a belief as to what, if anything, Plaintiff requested and, therefore, deny same.

12.      In answering Paragraph 7 of Section II of Plaintiff's Complaint (page 11), Defendants admit there was no written policy concerning the distribution of flyers or printed materials at the County Administration Building, but affirmatively assert that there was a long-standing practice of not permitting distribution of campaign literature, personal advertisements or similar material on County property including, specifically, the County Administration Building.

13.      In answering Paragraph 8 of Section II of Plaintiff's Complaint (page 11), Defendants deny same.

14.      In answering Paragraph 8(a) of Section II of Plaintiff's Complaint (page 11), Defendants deny same.

15.      In answering Paragraph 8(b) of Section II of Plaintiff's Complaint (page 12), Defendants deny same.

16.      In answering Paragraph 8(c) of Section II of Plaintiff's Complaint (page 13), Defendants admit only that from time to time the County Manager has commented on the nature and extent of the Open Meeting Law.  To the extent said paragraph attempts to assert a claim against these answering Defendants, Defendants deny same.

17.      In answering Paragraph 9 of Section II of Plaintiff's Complaint (page 13), Defendants deny same.

18.      In answering Paragraph 9(a) of Section II of Plaintiff's Complaint (page 13), Defendants deny same.

19.     In answering Paragraph 10 of Section II of Plaintiff's Complaint (page 14), Defendants deny same.

20.     In answering Paragraph 11 of Section II of Plaintiff's Complaint (page 14), said paragraph is unintelligible and to the extent that it attempts to assert a claim against these answering Defendants, Defendants deny same.

21.     In answering Paragraph 12 of Section II of Plaintiff's Complaint (page 14), Defendants deny same.

22.     In answering Paragraph 13 of Section II of Plaintiff's Complaint (page 14), Defendants deny same.

23.     In answering Paragraph 14 of Section II of Plaintiff's Complaint (page 15), Defendants deny same.

24.     In answering Paragraph 15 of Section II of Plaintiff's Complaint (page 15), Defendants incorporate by reference all their responses to Section II as if fully applicable to Section III as set forth below.

25.     In answering Section III of Plaintiff's Complaint (pages 16-17), Defendants deny same.

26.     In answering Section IV of Plaintiff's Complaint (page 16), Defendants acknowledge only that Plaintiff has requested a trial by jury.  Defendants deny all remaining allegations.

27.     In answering Section V of Plaintiff's Complaint (page 16), said paragraph is unintelligible.  To the extent that Plaintiff is requesting any remedies or damages from any Defendant, Defendants deny same.

28.     In answering Section VI of Plaintiff's Complaint, no answer is required and none is given.  To the extent that Paragraph VI attempts to assert a claim against these answering Defendants, Defendants deny same.

29.     In answering Section VII of Plaintiff's Complaint (page 17), said paragraph is unintelligible.  To the extent that Section VII attempts to assert a claim against these answering Defendants, Defendants deny same.

30.     In answering Section VIII of Plaintiff's Complaint (page 18), Defendants deny same.

31.     In answering Sections IX, X and XI of Plaintiff's Complaint (pages 18-20), Defendants deny same.

32.     In answering Section XII of Plaintiff's Complaint (page 20), Defendants deny same.

33.     In answering Section XIII of Plaintiff's Complaint, no answer is required and none is given.   To the extent that Section XIII attempts to assert a claim against these answering Defendants, Defendants deny same.

## AFFIRMATIVE DEFENSES

As and for an affirmative defense and in the alternative:

1.     Plaintiff's Complaint, in whole or in part and as to some or all of the Defendants, fails to state a claim upon which relief can be granted.

2.     The individually named Defendants are entitled to qualified immunity.

3.     Plaintiff lacks standing.

4.     Plaintiff's claims for punitive damages regarding state law claims is barred by A.R.S. §12-820.04; Plaintiff's claims for punitive damages against a governmental entity for alleged violation of federal law is barred by *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981); and to the extent Plaintiff's claims are sought against individually named Defendants in their official capacity such is barred by *Wade v. Smith,* 103 S.Ct. 1625 (1983).

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that this matter be dismissed and that they be awarded their costs incurred herein including attorneys fees pursuant to 42 U.S.C. §1988 and such other and further relief as the Court deems just and proper.   As to all triable matters, Defendants request trial by jury.

1                            DATED this 17th day of June, 2010.

2                                           JONES, SKELTON & HOCHULI, P.L.C.

3

4                                   By   s/Georgia A. Staton

5                                         Georgia A. Staton
                                        2901 North Central Avenue, Suite 800

6                                         Phoenix, Arizona  85012
                                        Attorneys for Defendants Mohave County;

7                                         Mohave County Board of Supervisors; Ron
                                        Walker; Matt Smith; William (Bill)

8                                         Ekstrom; Buster Johnson; Tom Stockwell;
                                        Gary Watson

9

10 ORIGINAL of the foregoing filed
this 17th day of June, 2010.

11 COPY of the foregoing mailed
12 this 17th day of June, 2010, to:

13 Hon. G. Murray Snow
United States District Court
14 Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, SPC 80
15 Suite 622
Phoenix, AZ  85003-2156
16 602-322-7650

17 James "Jim" Kanelos, Pro Per
4402 West Oatman Road
18 Golden Valley, AZ  86413

19 s/Gwen Coon

20

21

22

23

24

25

26

27

28