**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jim Kanelos, as a single man, | No. CV-10-8099-PCT-GMS |
| Plaintiff, | |
| vs. | **ORDER** |
| County of Mohave, a government entity; Mohave County Board of Supervisors, an elected governing body; Mohave County Attorney, a mandated administrative division of Mohave County Government; Mr. Ron Walker, individually and as Mohave County Manager (an appointed position); Mr. Matt Smith, individually and as Mohave County Attorney (an elected position); Mr. Bill Ekstrom, individually and as Deputy Mohave County Attorney (a staff position); Mr. Buster Johnson, individually and as Mohave County Supervisor (an elected position); Mr. Tom Stockwell, individually and as Mohave County Supervisor (an elected position); Mr. Gary Watson, individually and as Mohave County Supervisor (an elected position); John Does A-Z and Jane Does A-Z, | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion to Continue (Doc. 9) and Motion to Change Venue (Doc. 10); and Motion for Join[d]er (Doc. 14) filed by Western States Constitutionalist Alliance, Inc. ("Western States").

The proposed Plaintiff Western States being an organization must be represented by

counsel. Only licensed attorneys may represent a corporation or other association in federal court. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel.") (citing *Osborn v. President of Bank of U.S.*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824)); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that 'corporations and other unincorporated associations must appear in court through an attorney.'") (alteration and citation omitted); *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney."); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that a corporation's president and sole shareholder could not make an "end run around" the counsel requirement by intervening pro se rather than retaining counsel to represent the corporation) (citing 28 U.S.C. 1654).

Western States' attempt to file a separate suit and then move for joinder is not possible until, at minimum, it complies with this and other Rules of Court. Plaintiff Kanelos therefore provides no basis on which to continue the scheduling conference.

Plaintiff's Motion to Change Venue will be denied as moot. This action is already assigned to the Prescott Division. Therefore,

**IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Continue (Doc. 9) is denied.

2. Plaintiff's Motion to Change Venue (Doc. 10) is denied as moot.

3. Western States Constitutionalist Alliance, Inc.'s Petition for Join[d]er (Doc. 14) is denied.

DATED this 14th day of July, 2010.

G. Murray Snow
United States District Judge