1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jim Kanelos, as a single man, ) | No. CV-10-8099-PCT-GMS |
| ) | No. CV-10-8149-PCT-GMS |
| Plaintiff, ) | |
| ) | CONSOLIDATED |
| vs. ) | |
| ) | |
| County of Mohave, a government entity; ) | |
| Mohave County Board of Supervisors, an ) | **ORDER** |
| elected governing body; Mohave County ) | |
| Attorney, a mandated administrative ) | |
| division of Mohave County Government; ) | |
| Mr. Ron Walker, individually and as ) | |
| Mohave County Manager (an appointed ) | |
| position); Mr. Matt Smith, individually ) | |
| and as Mohave County Attorney (an ) | |
| elected position); Mr. Bill Ekstrom, ) | |
| individually and as Deputy Mohave ) | |
| County Attorney (a staff position); Mr. ) | |
| Buster Johnson, individually and as ) | |
| Mohave County Supervisor (an elected ) | |
| position); Mr. Tom Stockwell, ) | |
| individually and as Mohave County ) | |
| Supervisor (an elected position); Mr. ) | |
| Gary Watson, individually and as ) | |
| Mohave County Supervisor (an elected ) | |
| position); John Does A-Z and Jane Does ) | |
| A-Z, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| Gianluca Zanna and Bridge Langston- ) | |
| Zanna, husband and wife, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| Mohave County, jural entity; Ron ) | |
| Walker and Jane Doe Walker, husband ) | |

1  and wife; Tom Sockwell and Jane Doe )
   Sockwell, husband and wife; Buster )
2  Johnson and Jane Doe Johnson, husband )
   and wife; Gary Watson and Jane Doe )
3  Watson, husband and wife; and William )
   Ekstrom and Jane Doe Ekstrom, husband )
4  and wife, )
                                                      )
5          Defendants. )
                                                      )
6

7       Pending before the Court is the Motion for Partial Judgment on the Pleadings filed by
8  Defendants. (Doc. 24). For the following reasons, we grant Defendants' Motion with leave
9  for Plaintiff Jim Kanelos to file an amended complaint with respect to certain claims
10 consistent with this Order.

11                                        **BACKGROUND**

12      Plaintiff, a community activist, alleges that on November 13, 2009, U.S. Senator John
13 McCain presented a town hall meeting on health care in the Mohave County Administration
14 Building ("County Building"), which Plaintiff attended. Plaintiff was informed that Galucca
15 Zana[1] would be present at the event to pass out flyers containing information about the
16 Senator's voting record. The Plaintiff was interested in obtaining the flyer from Zanna. After
17 arriving at the event, Plaintiff learned that Buster Johnson, a County Supervisor, and Ron
18 Walker, the County Manager, had ordered Zanna to "cease and desist" from passing out the
19 flyers. Nevertheless, Senator McCain's staff had individuals requesting nomination petition
20 signatures for the Senator's re-election. Plaintiff alleges that, with the exception of election
21 days, there was no written policy restricting the distribution of materials on county property.
22      Nearly four months later, on March 1, 2010, County Manager Ron Walker presented
23 Administrative Procedure 3-1 to the Board of Supervisors. Procedure 3-1 essentially states
24 that the Mohave County Administration Building and Facilities are not a public forum, are
25 open to the public solely for purposes of official government business, and that political

---

[1] In his Complaint, Plaintiff appears to have misspelled Gianluca Zanna's name.

1  campaigning, leafletting, political assemblies, solicitation of funds or support is prohibited
2  on the property. (Doc. 1, Ex. 2). The premises covered by the Procedure include the
3  "building, the parking lots, the driveways leading from the dedicated public streets to the
4  parking lots and the building, and the sidewalks leading from the parking lots and driveways
5  to the Building," as well as "landscaped and undeveloped areas adjacent to the parking lots
6  and building." (*Id.*). Plaintiff alleges that without any period for public comment or hearings,
7  the Board unanimously adopted Procedure 3-1, and it became effective immediately.

## LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "is properly granted when, taking all the allegations in the non-moving parties' pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cnty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1998); *see Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (stating that in ruling on a Rule 12(c) motion the court must accept as true all allegations in the plaintiff's complaint and treat as false the allegations in the defendant's answer that contradict the plaintiff's allegations). The Court must construe the pleadings "in the light most favorable to the nonmoving party." *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005). In other words, dismissal pursuant to Rule 12(c) is inappropriate if the facts as pled would entitle the plaintiff to a remedy. *Merchs. Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir.1995).

While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted

- 3 -

unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

In considering a motion for judgment on the pleadings, the Court cannot consider evidence outside the pleadings unless the Court treats the motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. FED. R. CIV. P. 12(c). If the Court does so, the Court must give all parties the opportunity to present all material pertinent to such motion. *Id.* The Court may, however, consider documents that are attached to the relevant pleading as exhibits or are "referenced extensively" in the pleading and "accepted by all parties as authentic." *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

Finally, it is well established that pleadings filed by pro se parties are subject to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Morrison v. Hall,* 261 F.3d 896, 899 n.2 (9th Cir. 2001) ("'In civil rights cases where plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt.'" (quoting *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988))).

## DISCUSSION

Plaintiff's claims are seemingly based on two different factual scenarios: 1) the November 13, 2009 town hall meeting, and 2) the promulgation of Administrative Procedure 3-1. Defendants seek a partial judgment on the pleadings with respect to Plaintiff's following claims: 1) section 1983 claims against both Mohave County and six individual Defendants for deprivation of Plaintiff's First Amendment rights during the November town hall meeting, 2) civil conspiracy claim with regard to the town hall meeting, 3) a challenge to the constitutionality of Administrative Procedure 3-1, and 4) punitive damages.

**I.     42 U.S.C. § 1983 Claims**

Under the heading "Complaint I," Plaintiff apparently alleges that Mohave County

- 4 -

1 and six individual county officials enforced "an unwritten, non-published edict" under "color 2 of law" and "color of office" to prevent Zanna from distributing flyers in the County 3 Building on November 13, 2009. (Doc. 1, p. 6). Plaintiff alleges that by enforcing this 4 unwritten policy to restrict distribution of flyers, Defendants abused and exceeded the 5 authority granted to them through their positions in order to "willfully deprive or conspire 6 to deprive another person of [a] right protected by the Constitution," thereby violating 7 § 1983. (Doc. 1, p. 7).

8 "To state a claim for relief in an action brought under § 1983, [Plaintiff] must [allege] 9 that [he was] deprived of a right secured by the Constitution or laws of the United States, and 10 that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co.* 11 *v. Sullivan*, 526 U.S. 40, 49–50 (1999). "Section 1983 'is not itself a source of substantive 12 rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" 13 *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 14 n.3 (1979)). Plaintiff alleges §1983 claims against both Mohave County[2] and six individual 15 Defendants.

16 Plaintiff appears to base his §1983 action on an alleged deprivation of his right to 17 receive information, namely the informational materials being distributed by Zanna on 18 November 13, 2009. *Va. State Bd. of Pharm. v. Va. Citizens Consumer Council, Inc.*, 425 19 U.S. 748, 756 (1976) (finding that the protection afforded to speech is to the communication, 20 to its source and to its recipients both); *Kleindienst v. Mandel*, 408 U.S. 753, 762–63 (1972) 21 (referring to a First Amendment right to "receive information and ideas," and that freedom 22 of speech "necessarily protects the right to receive"). However, in his Response to 23 Defendants' Motion, Plaintiff asserts that he is not in fact claiming a violation of his right to 24 receive information, but instead, is basing his claim upon a violation of his freedom of

---

[2] In referencing Mohave County, Plaintiff seems to include the Mohave County Board of Supervisors, County Managers Office, and County Attorneys' Office.

- 5 -

assembly. (Doc. 31). Plaintiff has pled no facts supporting an alleged violation of his freedom of assembly with respect to the November 2009 town hall meeting. Therefore, to the extent Plaintiff seeks to state any §1983 claims arising from the Defendants' actions at the November town hall meeting, he has not sufficiently set forth those claims to comply with the requirements of *Iqbal*, thus such claims are dismissed with leave to amend.

**II.    Conspiracy Claim**

Also under the heading "Complaint I," Plaintiff makes allegations of criminal conspiracy against Defendants in violation of 18 U.S.C. § 241 and § 242. Both § 241 and § 242 are criminal statutes which govern conspiracies against civil rights and deprivation of rights under color of law. These statutes "provide no basis for civil liability," and therefore Plaintiff cannot state a claim under these statutory provisions in this civil proceeding. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). However, even construing Plaintiff's claim as one for civil conspiracy, which Defendants have done in their Motion, Plaintiff fails to plead any facts to support his legal conclusion that the individual Defendants were co-conspirators. *See Karim-Panahi*, 839 F.2d at 626 ("A mere allegation of conspiracy without factual specificity is insufficient."). To state a claim for civil conspiracy, Plaintiff must allege facts to support the allegation that Defendants conspired together. Because Plaintiff's civil conspiracy action fails to state a claim upon which relief may be granted, we dismiss with leave to amend.

In relation to his conspiracy claim, Plaintiff concedes in his Response that the Court cannot remove an elected county official from office. The Court accordingly grants Defendants' Motion with respect to this remedy.

**III.   Constitutionality of Administrative Procedure 3-1[3]**

Plaintiff also appears to challenge the constitutionality of Administrative Procedure

---

[3] In his Response, Plaintiff admits that he is not challenging the validity of Administrative Procedure 3-6. (Doc. 31).

- 6 -

3-1.[4] Specifically, he appears to allege that Procedure 3-1 is unconstitutional and invalid because 1) it was adopted without any opportunity for public hearings or comments due to County Manager Walker's "gross criminal negligence," (Doc. 1, p. 16), and 2) it is a violation of his constitutional rights and the constitutional rights of others, (Doc. 1, p. 18).

The first part of Plaintiff's allegation fails to state a claim upon which relief can be granted. To the extent Plaintiff seeks to claim "criminal gross negligence" by Walker, such a claim is misplaced in this civil proceeding. *See* A.R.S. § 13-105 (10)(d) (defining criminal negligence). To the extent Plaintiff seeks to claim some civil cause of action against Walker for the alleged role he played in promulgating in Administrative Procedure 3-1, Plaintiff is given leave to amend. Similarly, to the extent Plaintiff alleges that the County Supervisors "made statements in support of" Walker, this allegation also states no claim. Merely making statements in support of someone or something is not actionable, especially when Plaintiff has not asserted an underlying civil cause of action. Finally, to the extent Plaintiff seeks to invalidate Procedure 3-1 based on the Defendants' alleged failure to provide a period for public hearing and comment prior to its adoption, Plaintiff has not suggested any law that requires public participation prior to the promulgation of county rules.

In addition to his procedural challenges to the adoption of Procedure 3-1, Plaintiff also challenges the rule's substance. The text of Procedure 3-1 provides that "[t]he Mohave County Administration Building and Facilities is not a public forum," and that "to protect the safety of its employees and visitors, preserve partisan and political neutrality in the provision of government services, promote efficient use of taxpayer resources, and reserve the building and facilities for its intended purposes, certain conduct must be restricted." (Doc. 1, Ex. 2). Specifically, Procedure 3-1 prohibits the following activities in any part of the Building:

---

[4] While the Court generally cannot consider evidence outside the pleadings in a motion for judgment on the pleadings, we can consider the text of Administrative Procedure 3-1 because it was attached as an exhibit to Plaintiff's Complaint and Defendants do not seem to dispute its authenticity. *Van Buskirk*, 284 F.3d at 980.

1 political campaigning, distribution of or gathering signatures on petitions, solicitation of
2 campaign contributions, erection or display of campaign signs or banners, leafletting or
3 distribution of material either in support of or against a candidate or an issue before the
4 voters, political assembly, allies, demonstrations, or picketing. (*Id*.). Some of this restricted
5 conduct may be protected under the First Amendment. The extent of the protection, or
6 conversely, the extent of the permissible restriction depends on the nature of the property.

7 As a preliminary matter, in construing the complaint liberally, as the Court is required
8 to do in this instance, it appears that Plaintiff is alleging both an as-applied and facial
9 challenge to Procedure 3-1. In one part of the Complaint Plaintiff asserts that "the matter now
10 being presented . . . concerns the 'suppression' of numerous rights of the people," including
11 "intentionally depriv[ing] the Plaintiff *and all other citizens* of the County of Mohave, State
12 of Arizona and the United States of America, their rights under the Constitution." (Doc. 1,
13 p. 3–4) (emphasis added). Meanwhile, in section VIII of the Complaint, Plaintiff states that
14 "Administrative Procedure 3-1 violates the rights of Plaintiff." (Doc. 1, p. 18). Accordingly,
15 the Court construes Plaintiff's Complaint as challenging Procedure 3-1 both as applied to him
16 individually and all other citizens..

17 Defendants seek judgment on the pleadings with respect to Plaintiff's as-applied claim
18 by arguing that Plaintiff lacks standing. To invoke the jurisdiction of the federal courts, a
19 plaintiff must establish "the irreducible constitutional minimum of standing," consisting of
20 three elements: injury in fact, causation, and a likelihood that a favorable decision will
21 redress the plaintiff's alleged injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61
22 (1992). The injury-in-fact must involve the invasion of a legally-protected interest which is
23 "concrete and particularized, and . . . actual or imminent, not 'conjectural' or hypothetical.'"
24 *Id.* at 560 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Because
25 "[c]onstitutional challenges based on the First Amendment present unique standing
26 considerations," plaintiffs may establish an injury in fact without first suffering a direct
27 injury from the challenged restriction. *Lopez v. Candaele*, 2010 WL 5128266, at *5 (9th Cir.
28

- 8 -

2010); *Ariz. Rt. to Life Pol. Action Comm. v. Bayless*, 320 F.3d 1002, 1006 (9th Cir. 2003). In such pre-enforcement cases, as is the case here, the plaintiff may meet the standing requirements by "demonstrat[ing] a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979); *see LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1155 (9th Cir. 2000). To show a "realistic danger," a plaintiff must "allege[ ] an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute [or rule], and . . . a credible threat of prosecution thereunder." *Babbitt*, 442 U.S. at 298. Plaintiff here has alleged no such intent. Rather, his Complaint only alleges that violations of Plaintiff's rights "continue[ ]" and are "on-going." (Doc. 1, p. 18). Thus, Plaintiff's present allegations in the Complaint are not yet sufficiently specific to state a plausible claim of actual or imminent injury, and he fails, therefore, to satisfy the injury-in-fact requirement for standing. Given the possibility, however, that Plaintiff can assert sufficiently specific facts to establish standing, leave to amend his Complaint is granted.

Plaintiff also seems to present a facial challenge to Procedure 3-1 by asserting that it violates not only his rights, but, on the same basis, the rights of "all other citizens."[5] A plaintiff seeking to vindicate his own constitutional rights may also argue that an ordinance "is unconstitutionally vague or . . . impermissibly restricts a protected activity." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998); *see also NAACP v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984) ("[The NAACP] argues both that its own activity is protected by the First Amendment and that the Richmond ordinance impermissibly suppresses the speech of all potential marchers."). However, for this type of a facial challenge, Plaintiff may only assert the rights of others so long as he satisfies the injury-in-fact requirement. *Sec'y of St. v. Joseph Munson Co.*, 467 U.S. 947, 958 (1984) (finding that plaintiffs who have suffered no injury themselves cannot invoke federal jurisdiction by

---

[5] The Court can discern no other type of facial challenge in the Complaint.

pointing to an injury incurred only by third parties). Because Plaintiff has not yet pleaded sufficient facts to demonstrate an injury in fact, he cannot assert the constitutional rights of others. Accordingly, Defendants' motion is granted with respect to Plaintiff's as-applied and facial challenges, with leave to amend.

**IV.    Punitive Damages**

Defendants assert that punitive damages, under either federal or state law, are not recoverable against either Mohave County or the individual Defendants in their official capacities. In his Response, Plaintiff withdraws his claim for punitive damages against Mohave County, the governmental entity, but not against the individual Defendants in their official capacities. (Doc. 31, p. 15). Under federal law, punitive damages are not recoverable against a municipality or a state official sued in his or her official capacity. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *see also Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404 (9th Cir. 1991). The same holds true under state law for public employees acting within the scope of their employment. *See* A.R.S. § 12-820.04. Accordingly, the Court grants Defendants' motion with respect to Plaintiff's punitive damages claim against Mohave County and the individual Defendants in their official capacities. This Order does not address the availability of punitive damages under any other claim which may be alleged in the amended complaint.

## CONCLUSION

Defendants' Motion for Partial Judgement on the Pleadings is granted with leave to amend. Plaintiff is obligated to clarify his precise causes of action and his standing to allege likely prospective deprivation of his constitutional rights. However, given the possibility that Plaintiff can assert specific facts to support at least some of his claims and to establish his standing with the assistance of counsel, which he now possesses, the Motion for Partial Judgment on the Pleadings is granted with leave for Plaintiff to file an amended complaint consistent with this Order.

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Judgment on the Pleadings (Doc. 24) is granted with respect to the following claims: § 1983; civil conspiracy; as-applied and facial challenges to Administrative Procedure 3-1; punitive damages against governmental entities or agents acting in their official capacities; and any remedy seeking an elected county official's removal from office.

**IT IS FURTHER ORDERED** that Plaintiff shall have **21 DAYS** from the date of this Order to file an amended complaint with respect to his § 1983 and civil conspiracy claims, and his as-applied and facial challenges to Administrative Procedure 3-1. If an amended complaint is not timely filed on these claims by **March 2, 2011**, they will be terminated consistent with this Order.

DATED this 9th day of February, 2011.

_____
G. Murray Snow
United States District Judge