Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

Attorneys for Plaintiff
Jim Kanelos
Hector J. Diaz (#020965)
hector.diaz@quarles.com
Sarah R. Anchors (#025344)
sarah.anchors@quarles.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jim Kanelos,

Plaintiff,

vs.

County of Mohave, a government entity; Mohave County Board of Supervisors; Mr. Ron Walker, as Mohave County Manager (an appointed position); Mohave County Attorney, a mandated administrative division of Mohave County Government; Mr. Ron Walker, an individual; Mr. Matt Smith, as Mohave County Attorney (an elected position); Mr. Matt Smith, an individual; Mr. Bill Ekstrom, as Deputy Mohave County Attorney (a staff position); Mr. Bill Ekstrom, as individual; Mr. Buster Johnson, as Mohave County Supervisor (an elected position); Mr. Buster Johnson, as individual; Mr. Tom Sockwell, as Mohave County Supervisor (an elected position); Mr. Tom Sockwell, as individual; Mr. Gary Watson, as Mohave County Supervisor (an elected position); Mr. Gary Watson, as individual; John Does A-Z and Jane Does A-Z,

Defendants.

NO. CV 10-08099-PCT-GMS
CV 10-08149-PCT-GMS

**Plaintiff's First Amended Complaint**

(Declaratory Judgment, Section 1983)

Gianluca Zanna and Bridge Langston-Zanna, husband and wife,

Plaintiffs,

v.

Mohave County, jural entity; Ron Walker and Jane Doe Walker, husband and wife; Tom Sockwell and Jane Doe Sockwell, husband and wife; Buster Johnson and Jane Doe Johnson, husband and wife; Gary Watson and Jane Doe Watson, husband and wife; and William Ekstrom and Jane Doe Ekstrom, husband and wife,

Defendants.

Plaintiff Jim Kanelos, by and through counsel undersigned, as and for his claims for relief against Defendants, alleges as follows:

**THE PARTIES**

1. Plaintiff Jim Kanelos ("Kanelos") is an individual residing in Mohave County, Arizona.

2. Defendants County of Mohave, Mohave County Attorney and Mohave County Board of Supervisors are public governmental entities and subject to suit.

3. Defendant Matt Smith ("Smith") is an individual residing in Mohave County and serving as Mohave County Attorney.

4. Defendant Ron Walker ("Walker") is an individual residing in Mohave County, and serving as Mohave County Manager.

5. Defendant Tom Sockwell ("Sockwell") is an individual residing in Mohave County and serving as a Mohave County Supervisor.

6. Defendant Buster Johnson ("Johnson") is an individual residing in Mohave County and serving as a Mohave County Supervisor.

7. Defendant Gary Watson ("Watson") is an individual residing in Mohave County and serving as a Mohave County Supervisor.

8. Defendant Bill Ekstrom ("Ekstrom") is an individual residing in Mohave County and serving as the Deputy Mohave County Attorney.

**JURISDICTION**

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, and pursuant to the First and Fourteenth Amendments to the U.S. Constitution, and 28 U.S.C. § 1343.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because the events giving rise to Kanelos's claim for declaratory judgment occurred in this District.

**GENERAL ALLEGATIONS**

11. On November 13, 2009, Sen. John McCain attended a "Townhall Meeting" inside the Mohave County Administrative Building, located at 700 W. Beale Street, Kingman, Arizona (the "Building").

12. Upon information and belief, Mohave County residents Gianluca Zanna and Bridget-Langston Zanna (the "Zannas") attempted to distribute leaflets regarding Sen. McCain's voting record (the "McCain leaflets") in the Building and/or on Mohave County-owned property surrounding the Building (the "Premises").

13. Upon information and belief, Mohave County officials stopped the Zannas from distributing the McCain leaflets in the Building and/or on the Premises.

14. Upon information and belief, the Zannas subsequently contacted the Mohave County Board of Supervisors and Mohave County Attorney relating to the events on November 13, 2009.

15. On March 1, 2010, in part in response to the Zannas and the events of November 13, 2009, Mohave County enacted Administrative Procedures (3-1) (the "Policy"). A true and correct copy of the Policy was previously submitted to the Court

(Dkt. #43), and is incorporated by reference herein.

16. Upon information and belief, Ekstrom and Walker participated in formulating the Policy, and Walker signed the Policy.

17. Upon information and belief, Sockwell, Johnson and Watson assisted in the creation of the Policy, and/or supported creation of the Policy.

18. Upon information and belief, prior to the enactment of the Policy, Sockwell wrote a letter that was published in a local paper in support of prohibiting political speech in the Building and/or on the Premises and stating: "There is a good reason people are not allowed to politic on county property. 'We the people' should be able to carry out the public's business without running a gauntlet of a soapbox activist like Zanna, Langston, or Hanoi Jane."

19. The Policy states that it covers the Building, as well as other areas, including "sidewalks leading from the parking lots and driveways to the Building" and "landscaped and undeveloped areas adjacent to the parking lots and building." Policy at p. 1.

20. The Policy states that the "Mohave County Administration Building and Facilities is not a public forum." Policy at p. 1.

21. The Policy further states:

> **PROHIBITED ACTIVITIES**: No part of the Administration Building and Facilities may be used for the following purposes.
>
> 1. Political campaigning including solicitation either in support of or against a political candidate or potential political candidate an issue before or potentially before the voters or an incumbent government official or employee. This provision does not prohibit the expression of personal opinions or beliefs if done in a manner that does not disrupt the business conducted within the premises.
>
> 2. Distribution of or gathering signatures on petitions including nomination referendum or recall petitions.

> 3. Solicitation of campaign contributions.
>
> 4. The erection or display of campaign signs or banners. Provided that this provision will not prohibit a political sign of reasonable size attached to or painted on a vehicle while the vehicle is parked on the premises for the legitimate conduct of government business. This provision will also not prohibit the wearing of campaign buttons or apparel in support of or against a candidate or issue while the wearer is on the premises for the conduct of legitimate government business.
>
> 5. Leafleting or distribution of material either in support of or against a candidate or an issue before the voters.
>
> 6. Political assembly, rallies, demonstrations, or picketing.

The Policy at p. 2.

22. Additionally, the Policy states:

> **No Solicitation.** No part of the Administration Building and Facilities may be used for the following purposes …
>
> 2. Rallies demonstrations picketing or assembly whether for political, commercial, or personal purposes.
>
> 3. Solicitation of funds.
>
> 4. Leafleting or distribution of flyers or other literature …

*Id.*

23. The Policy states: "Anyone who violates these rules will be subject to removal from the premises."

24. All of the foregoing quoted provisions of the Policy are herein referred to collectively herein as the "Offending Provisions."

25. Prior to the enactment of the Policy, Kanelos had on numerous occasions distributed literature, including the U.S. Constitution and information relating to matters before Mohave County elected bodies and/or voters to passersby while standing outside the Building.

26. Prior to the current Building, the Mohave County administrative offices were located in another building in Kingman, Arizona (the "Prior Building").

27. Kanelos had distributed literature, including literature of a political nature, to passersby, and engaged in political speech, while standing outside the Prior Building.

28. On October 13, 2010, Kanelos stood on the concrete area outside the Building, a distance from the entry doors to the Building (the "Plaza"), to distribute to passersby copies of the U.S. Constitution, containing a leaflet about joining the Western States Constitutionalist Alliance ("WSCA") (collectively, the "Literature").

29. Kanelos was not impeding access to the Building, speaking loudly, carrying signs, erecting signs, or in any way causing a disturbance.

30. County Risk Manager Richard Weldon ("Weldon") instructed Kanelos that he could not pass out the Literature under the Policy.

31. Ekstrom also told Kanelos that he could not hand out the Literature at the Plaza.

32. Neither Weldon nor Ekstrom told Kanelos that he was causing a disturbance.

33. In response to the instructions of Weldon and Ekstrom, Kanelos stopped handing out the Literature, and has not again attempted to engage in similar expressive activity for fear of being forcibly removed or cited under the Policy.

34. Kanelos intends to and wishes to distribute literature, engage in political speech, solicit contributions and otherwise engage in activities prohibited by the Offending Provisions, and is deterred from doing so due to his fear of imminent injury for violation of the Policy should he engage in such activities.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment, pursuant to 28 U.S.C. §§ 2201, 2202)**

35. Kanelos incorporates each and every one of the allegations contained in the

preceding paragraphs as if fully set forth herein.

36. A justiciable controversy exists because Defendants have enforced the Policy against Kanelos, and Kanelos intends to engage in constitutionally protected activities that are prohibited by the Policy.

37. The Policy violates Kanelos's rights under the First Amendment of the U. S. Constitution because it is an impermissible restriction on speech in a public forum.

38. The Policy is an impermissibly vague restriction on speech in that it bars "political" speech, but not "the expression of personal opinions or beliefs."

WHEREFORE, Plaintiff Kanelos requests relief against all Defendants as follows:

A. Declaring the Offending Provisions of the Policy are unconstitutional;

B. Reasonable expenses of litigation, including the costs of this suit; and

C. Such further relief as the Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(42 U.S.C. § 1983)**

39. Kanelos incorporates each and every one of the allegations contained in the preceding paragraphs as if fully set forth herein.

40. The individual Defendants, by formulating, enacting, supporting and enforcing the Offending Provisions of the Policy, violated Kanelos's rights of free speech under the First and Fourteenth Amendments of the U.S. Constitution by denying him the opportunity to exercise his rights.

41. The individual Defendants, in formulating, enacting, supporting and enforcing the Offending Provisions of the Policy, were acting in their official capacities and therefore the County is liable to Kanelos.

42. As a direct and proximate result of Defendants' violation of Kanelos's constitutional rights, he has suffered actual damages, including but not limited to, monetary loss, mental anguish, and emotional distress in an amount to be proven at trial.

43. Kanelos is entitled to nominal damages as a result of Defendants' violation of Kanelos's constitutional rights.

44. Ekstrom and Walker, in formulating, enacting and enforcing the Offending Provisions of the Policy, were motivated by evil motive or intent, or acted with reckless or callous indifference to Kanelos's federally protected rights.

45. Sockwell, in supporting creation of the Offending Provisions of the Policy, was motivated by evil motive or intent, or acted with reckless or callous indifference to Kanelos's federally protected rights.

46. Ekstrom, in enforcing the Offending Provisions of the Policy, was motivated by evil motive or intent, or acted with reckless or callous indifference to Kanelos's federally protected rights.

47. Punitive damages are appropriate to punish Ekstrom, Sockwell and Walker, in their individual capacities, and deter them and others from engaging in similar wrongful acts in the future.

WHEREFORE, Plaintiff Kanelos requests relief as follows:

A. Compensatory damages in an amount to be proven at trial;

B. Nominal damages;

C. Punitive damages as against Ekstrom, Sockwell, and Walker;

D. Reasonable expenses of litigation, including the costs of this suit; and

C. Such further relief as the Court deems just and proper.

DATED this 2nd day of March, 2011.

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391

By /s Sarah R. Anchors
Hector J. Diaz
Sarah R. Anchors

Attorneys for Plaintiff
Jim Kanelos

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Georgia A. Staton
gstaton@jshfirm.com
Eileen Dennis GilBride
egilbride@jshfirm.com
Jones, Skelton & Hochuli, P.L.C.
2901 N. Central Ave., Suite 800
Phoenix, Arizona 85012
*Attorneys for Defendants*

Vicki A.R. Lopez, Esq.
vicki@attorneyforfreedom.com
Marc J. Victor, P.C.
2920 S. Alma School Road
Suite 5
Chandler, AZ 85248
*Attorneys for Zanna Plaintiffs*

s/ Rebecca Urias