Georgia A. Staton, Bar #004863
Eileen Dennis GilBride, Bar #009220
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:  (602) 263-1752
Fax:  (602) 200-7854
gstaton@jshfirm.com
egilbride@jshfirm.com
minuteentries@jshfirm.com

Attorneys for Defendants Mohave County; Mohave County Board of Supervisors; Ron Walker; Matt Smith; William (Bill) Ekstrom; Buster Johnson; Tom Sockwell; Gary Watson

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jim Kanelos, as a single man,<br><br>                    Plaintiff,<br><br>          v.<br><br>County of Mohave, a government entity; Mohave County Board of Supervisors, an elected governing body; Mohave County Attorney, a mandated administrative division of Mohave County Government; Mr. Ron Walker, as Mohave County Manager (an appointed position); Mr. Ron Walker, as an individual; Mr. Matt Smith, as Mohave County Attorney (an elected position); Mr. Matt Smith, as individual; Mr. Bill Ekstrom, as Deputy Mohave County Attorney (a staff position); Mr. Bill Ekstrom, as individual; Mr. Buster Johnson, as Mohave County Supervisor (an elected position); Mr. Buster Johnson, as individual; Mr. Tom Sockwell, as Mohave County Supervisor (an elected position); Mr. Tom Sockwell, as individual; Mr. Gary Watson, as Mohave County Supervisor (an elected position); Mr. Gary Watson, as individual; John Does A-Z and Jane Does A-Z,<br><br>                    Defendants. | NO. CV 10-8099-PCT-GMS<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendants, through undersigned counsel, for their Answer to Plaintiff's First Amended Complaint, admit, deny and allege as follows:

2465036.1
3/21/11

1. Defendants deny each and every allegation not otherwise admitted or pled to.

## THE PARTIES

2. In answering Paragraphs 1 through 8 of Plaintiff's First Amended Complaint, Defendants admit same.

## JURISDICTION

3. In answering Paragraphs 9 and 10 of Plaintiff's First Amended Complaint, Defendants admit same.

## GENERAL ALLEGATIONS

4. In answering Paragraph 11 of Plaintiff's First Amended Complaint, Defendants admit same.

5. In answering Paragraphs 12 and 13 of Plaintiff's First Amended Complaint, Defendants admit that Gianluca Zanna and Bridget Langston-Zanna distributed leaflets and materials in and outside the Mohave County Administration Building on County property and were stopped from doing so.

6. In answering Paragraph 14 of Plaintiff's First Amended Complaint, Defendants admit only that Gianluca Zanna contacted some of the members of the Board of Supervisors and the Mohave County Attorneys Office.

7. In answering Paragraph 15 of Plaintiff's First Amended Complaint, Defendants admit only that Mohave County implemented Administrative Procedure (3-1) to codify the longstanding practice of the County prohibiting distribution of literature.

8. In answering Paragraph 16 of Plaintiff's First Amended Complaint, Defendants admit only that Ron Walker participated in formulating policy and signed it pursuant to the authority delegated to him by the Board of Supervisors and in such capacity was assisted by members of the Mohave County Attorneys Office.

9. In answering Paragraph 17 of Plaintiff's First Amended Complaint, Defendants admit that members of the Board of Supervisors supported the

1  implementation of Administrative Procedure (3-1) which codified the longstanding
2  practice of prohibiting distribution of political or campaign literature.

3      10.    In answering Paragraph 18 of Plaintiff's First Amended Complaint,
4  Defendants admit that Supervisor Sockwell expressed his support for prohibiting political
5  speech in and on the premises of the Mohave County Administrative Building.

6      11.    In answering Paragraph 19 of Plaintiff's First Amended Complaint,
7  Defendants admit only that said paragraph quotes a portion of Administrative Procedure
8  (3-1) and affirmatively asserts that the policy speaks for itself.

9      12.    In answering Paragraph 20 of Plaintiff's First Amended Complaint,
10 Defendants admit same.

11     13.    In answering Paragraphs 21, 22 and 23 of Plaintiff's First Amended
12 Complaint, Defendants admit only that said paragraphs set forth a portion of
13 Administrative Procedure (3-1) and affirmatively assert that Administrative Procedure (3-
14 1) speaks for itself.

15     14.    In answering Paragraph 24 of Plaintiff's First Amended Complaint,
16 Defendants admit only that Paragraphs 21, 22 and 23 comprise a portion of
17 Administrative Procedure (3-1) which form the basis for Plaintiff's First Amended
18 Complaint.

19     15.    In answering Paragraph 25 of Plaintiff's First Amended Complaint,
20 Defendants are without sufficient information or knowledge to form a belief as to the truth
21 of the matters asserted therein and, therefore, deny same.  Defendants affirmatively assert
22 that whenever Defendants became aware that a citizen was violating the longstanding
23 practice of the County to prohibit distribution of political or campaign literature they
24 requested the distributors of such literature to cease.

25     16.    In answering Paragraph 26 of Plaintiff's First Amended Complaint,
26 Defendants admit same.

27
28

17. In answering Paragraph 27 of Plaintiff's First Amended Complaint, Defendants are without sufficient information or knowledge to form a belief as to the truth of the matters asserted therein and, therefore, deny same.

18. In answering Paragraphs 28, 29, 30, 31 and 32 of Plaintiff's First Amended Complaint, Defendants admit only that Plaintiff was distributing leaflets or material concerning the Western States Constitutionalist Alliance; that the distribution was "for show" and set up by Gianlucca Zanna, Plaintiff and others; that Mr. Kanelos was instructed that he was violating Administrative Procedure (3-1) and was requested to stop distributing the materials.

19. In answering Paragraph 33 of Plaintiff's First Amended Complaint, Defendants admit only that, to Defendants' knowledge, Kanelos has not distributed any literature on County property since October 13, 2010.

20. In answering Paragraph 34 of Plaintiff's First Amended Complaint, Defendants are without sufficient information or knowledge to form a belief as to the truth of the matters asserted therein and, therefore, deny same.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)

21. In answering Paragraph 35 of Plaintiff's First Amended Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 34 as if fully set forth herein.

22. In answering Paragraph 36 of Plaintiff's First Amended Complaint, Defendants admit only that Plaintiff was requested to stop distributing literature pursuant to Administrative Procedure (3-1) and are without sufficient information or knowledge to form a belief as to the truth of the remaining matters asserted therein and, therefore, deny same.

23. In answering Paragraphs 37 and 38 of Plaintiff's First Amended Complaint, Defendants deny same.

## SECOND CLAIM FOR RELIEF

## (42 U.S.C. §1983)

24. In answering Paragraph 39 of Plaintiff's First Amended Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 38 as if fully set forth herein.

25. In answering Paragraph 40 of Plaintiff's First Amended Complaint, Defendants deny same.

26. In answering Paragraph 41 of Plaintiff's First Amended Complaint, Defendants admit only that they were acting in their official capacities. Defendants deny all remaining allegations.

27. In answering Paragraphs 42, 43, 44, 45, 46 and 47 of Plaintiff's First Amended Complaint, Defendants deny same.

## AFFIRMATIVE DEFENSES

As and for an affirmative defense and in the alternative, Defendants assert:

1. Plaintiff's First Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff is barred from obtaining punitive damages against the individually named Defendants for the actions taken in the official capacity, as alleged in Plaintiff's First Amended Complaint. See *Smith v. Wade,* 103 S.Ct. 1625 (1983).

3. The individually named Defendants are protected by qualified immunity.

4. The County Administration Building and property is not a public forum.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendants request that this matter be dismissed and that they be awarded their costs incurred herein including attorneys fees pursuant to 42 U.S.C. §1988 and for such other and further relief as the Court deems just and proper. As to all triable matters, Defendants request trial by jury.

DATED this 21st day of March, 2011.

JONES, SKELTON & HOCHULI, P.L.C.


By   s/Georgia A. Staton
    Georgia A. Staton
    Eileen Dennis GilBride
    2901 North Central Avenue, Suite 800
    Phoenix, Arizona  85012
    Attorneys for Defendants Mohave County; Mohave County Board of Supervisors; Ron Walker; Matt Smith; William (Bill) Ekstrom; Buster Johnson; Tom Sockwell; Gary Watson

ORIGINAL of the foregoing filed this 21st day of March, 2011.

COPY of the foregoing mailed this 21st day of March, 2011, to:

Hon. G. Murray Snow
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, SPC 80
Suite 622
Phoenix, AZ  85003-2156
602-322-7650

Sarah R. Anchors, Esq.
Hector J. Diaz, Esq.
QUARLES & BRADY, LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ  85004-2391
Attorneys for Plaintiff
602-229-5788
FAX:  602-420-5083
E-mail:  sarah.anchors@quarles.com
        hector.diaz@quarles.com

s/Gwen Coon

2465036.1
3/21/11

6